INGRAM, Justice.
Alabama Roofing, Sheet Metal, Heating & Air Conditioning Contractors’ Association Self Insurers Fund sued Superior *217 Roofing Contractors, Inc., for workmen’s compensation insurance premiums due for the year 1987 and for the period from January 1, 1988, through February 25, 1988. Superior counterclaimed, alleging that it was due refunds of premiums paid for the years 1987 and 1988. The trial court entered a summary judgment ordering Superior to pay the Fund $27,100.95. Superior appeals from that summary judgment, arguing that it was improper because, it argues, there are genuine issues of material fact yet to be decided.
The Fund, which operates for the benefit of the Alabama Roofing, Sheet Metal, Heating & Air Conditioning Contractors’ Association, was formed pursuant to Ala. Code 1975, § 25-5-9, providing for the pooling of employers’ funds for workmen’s compensation self-insurance. Members of the Fund pay premiums at the beginning of a coverage year, and the Fund adjusts each member’s premiums at the end of the coverage year after determining how many workmen’s compensation claims were presented in regard to each member. If the claims against a particular member do not exceed 70% of the premiums paid by that member for the coverage year, that member receives a refund, determined by a formula established by the Fund. However, because of the two-year statute of limitations for filing workmen’s compensation claims, a member may not receive a refund until two years after the coverage year for which the refund is due.
The record reveals that Superior was a member of the Fund from October 1984 until its membership was cancelled by the Fund in February 1988. In 1987, Superior was issued a refund of $4,444, based upon claims from the 1985 coverage year. In 1986, claims against Superior exceeded 70% of the premiums it paid to the Fund; thus, no refund would have been issued to Superior in 1988, if it had still been a member at the time refunds for 1986 were disbursed. However, the Fund admits that, if Superior had paid all premiums due and had still been a member of the Fund in 1989, Superi- or would have received a refund of $11,648, based upon Superior’s claims history for 1987.
The dispute in this case centers around the validity of the Fund’s policy regarding the issuance of refunds. The Fund contends that, by virtue of its by-laws, one must be a member of the Fund at the time refunds are issued in order to receive a refund. Although this provision is clearly stated in the Fund’s by-laws, Superior argues that there is a question as to the validity of those by-laws.
Section 27-14-13, Ala. Code 1975, provides:
“No policy shall contain any provision purporting to make any portion of the charter, by-laws or other constituent document of the insurer, other than the subscriber’s agreement or power of attorney of a reciprocal insurer, a part of the contract unless such portion is set forth in full in the policy. Any policy provision in violation of this section shall be invalid.”
Superior argues that when it joined the Fund, it received only the application for membership and the certificate of insurance, and that neither of those documents contained the provision set out in the bylaws. Thus, argues Superior, because the Fund failed to follow the mandates of § 27-14-13, the insurance contract is invalid. Superior also asserts that there is no evidence that the Fund legally adopted the by-laws.
The Fund, on the other hand, asserts that it is not an “insurer” within the meaning of § 27-14-13, because, it says, it exists solely by virtue of § 25-5-9. Because § 25-5-9 qualifies employers to act as self-insurers, the Fund argues that the term “insurer,” as used in § 27-14-13, has no application in this case. Superior argues, however, that the Fund elected in March 1982, for purposes of federal taxes, to convert its filing status from that of a trust to that of a mutual insurance company, and argues, therefore, that the Fund is an “insurer” within the meaning of § 27-14-13 and must comply with its requirements. Therefore, a mixed question of fact and law exists as to whether the Fund is an “insurer” and, therefore, subject to the *218 terms of § 27-14-13; the answer to that question, in turn, will determine whether Superior is subject to the Fund’s by-laws.
Because there exists this genuine issue of material fact, the summary judgment was improperly entered; the judgment is due to be reversed and the cause remanded for further consideration of the question of whether the fund was an “insurer.”
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.